IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELOISE KNOX, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-299-MEF |
| | ) | (WO – Do not publish) |
| UNITED STATES OF AMERICA, | ) | |
| U.S. DEPARTMENT OF THE AIR | ) | |
| FORCE, | ) | |
| | ) | |
|     Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff's Motion to Substitute Estate (Doc. #20), Plaintiff's Supplement to its Previously Filed Motion to Substitute Estate (Doc. #27), and Plaintiff's Second Supplement to its Previously Filed Motion to Substitute and Motion to Extend Deadlines (Doc. #29), in which Plaintiff moves to extend the time for filing a proper motion to substitute a party plaintiff, to modify the dispositive motion briefing schedule, and to extend the discovery deadlines in this matter.  Defendants have filed responses in opposition to Plaintiff's motions (Docs. #28, 30), in which they request that the Court dismiss this case because Plaintiff's counsel failed to timely request substitution of a proper party plaintiff pursuant to Federal Rule of Civil Procedure 25 after Plaintiff's death was formally suggested on the record.  (Doc. #13.)

## I. BACKGROUND

On April 3, 2012, Plaintiff Eloise Knox ("Plaintiff") filed this action against Defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiff's Complaint asserts claims of negligence, wantonness, failure to warn, and failure to hire, train, and properly supervise for injuries she sustained when she slipped and fell while shopping at the Maxwell Air Force Base Commissary in Montgomery, Alabama. On September 12, 2012, Plaintiff passed away. Defendants state that they learned of Plaintiff's death on November 1, 2012, while taking the deposition of Plaintiff's daughter, Martha Knox ("Ms. Knox"). Plaintiff's former counsel, Joseph Morris ("Mr. Morris"), appeared at Ms. Knox's deposition but failed to inform Defendants at that time that Plaintiff had passed away. Defendants later asked Mr. Morris to identify the proper party plaintiff in this case, but Mr. Morris failed to do so. (Def.'s Resp., at 1 n.1, Doc. #28.) On January 18, 2013, Defendants filed a suggestion of Plaintiff's death on the record (Doc. #13) pursuant to Federal Rule of Civil Procedure Rule 25(a)(1).

On April 17, 2013, Mr. Morris filed the pending Motion to Substitute Estate (Doc. #20) on behalf of Ms. Knox.[1] In this motion, Mr. Morris represented that Ms. Knox was the successor and/or representative of Plaintiff's estate and that a petition for letters testamentary for Plaintiff's estate, requesting that Ms. Knox be appointed as the personal representative

---

[1] Although Mr. Morris represented in the body of the pleading that the motion for substitution was being made by Ms. Knox, the pleading was signed by Mr. Morris as "Attorney for Plaintiff." (Doc. #20, at 2.)

of Plaintiff's estate, had been filed with the Probate Court of Montgomery County that same day. Mr. Morris further stated that he knew of no reason why the petition to appoint Ms. Knox as personal representative would not be granted. On April 19, 2013, Ms. Knox was issued Letters of Administration of Plaintiff's estate, which Mr. Morris filed on April 26, 2013, as a supplement to his Motion to Substitute Estate. (Doc. #27-2.)

## II. LEGAL STANDARD AND ANALYSIS

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Although the plain language of this rule requires a court to dismiss a case if a motion for substitution is not made by a party to the action or the decedent's successor or representative[2] within ninety days after the party's death is suggested on the record, courts have treated dismissal of an action for failure to meet Rule 25(a)'s procedural requirements as discretionary. *See Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996) ("Rule 25(a) *permits* the court to dismiss the case if a motion for

---

[2] The Court recognizes that a decedent's former counsel does not qualify as a "successor or representative" under Rule 25 because an attorney has no authority to act on behalf of a deceased client. *Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) (stating that the death of a client terminates the attorney–client relationship) (citing Restatement (Second) of Agency, § 120 (1958)). However, in the Motion to Substitute Estate, Mr. Morris represented that he was filing the motion on behalf of Plaintiff's daughter, Ms. Knox, despite the fact that he signed the motion as "Attorney for Plaintiff." (Doc. #20, at ¶ 3.)

substitution is not made within 90 days after death is suggested upon the record.") (emphasis added); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("The history of Rule 25(a) . . . makes clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."); *see also Hall v. Infirmary Health Sys.*, No. 06-0791-WS-B, 2008 WL 1774164, at *2 (S.D. Ala. Apr. 15, 2008) (granting extension of ninety-day time period where, among other reasons, plaintiff's counsel represented that he was prepared to substitute a proper plaintiff and defendants would not incur undue prejudice if period was extended). Accordingly, the Court begins with the premise that Rule 25(a) is not intended to be used to "'bar . . . otherwise meritorious actions.'" *Schmidt v. Merrill Lunch Trust Co.*, No. 5:07-cv-832-OC-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008) (quoting *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)). A court may, for good cause, extend the time for filing a proper motion to substitute even after the ninety-day deadline has expired. Such an extension may be made upon a motion, and the party seeking the extension must demonstrate that it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988) ("Rule [6(b)(1)(B)] works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.").

It is undisputed that neither a party nor a representative or successor of Plaintiff filed a motion for substitution within the requisite ninety days. Although Mr. Morris filed a

motion for substitution on behalf of Ms. Knox within the ninety-day period, Ms. Knox had not yet been appointed the legal representative of Plaintiff's estate when the motion was filed, and thus, the original motion for substitution was deficient. *See Roberson v. Wood*, 500 F. Supp. 854, 859 (S.D. Ill. 1980) (denying motions for substitution where no other legal relationship other than kinship existed and noting, "Rule 25(a) clearly contemplates appointment of legal representatives, such as an executor or an administrator").

Nevertheless, the Court finds that the facts and procedural history of this case do not justify summarily dismissing this action. In filing a timely, albeit deficient, motion for substitution before the ninety-day time period expired, Plaintiff's former counsel put Defendants on notice that Ms. Knox was the intended representative of Plaintiff's estate and that she intended to pursue the lawsuit in Plaintiff's place. Moreover, Ms. Knox was made the legal representative of Plaintiff's estate just one day after the ninety-day deadline expired, and Mr. Morris provided notice and proof of this fact to the Court and Defendants the following week. (Pl.'s Supplement to the Motion to Substitute, Doc. #27.)

There is no denying that Mr. Morris's delay in seeking to have Ms. Knox appointed the representative of her mother's estate has inconvenienced the Court and Defendants. Nevertheless, given the quick succession of Mr. Morris's filing of the motion for substitution and the appointment of Ms. Knox as the estate representative, the Court finds that dismissal of this entire action based upon a failure to strictly comply with Rule 25(a)'s procedural requirements is an unduly harsh sanction. Bearing in mind that the underlying purpose of

Rule 25(a)(1) is to allow flexibility in substitution, *Zeidman*, 122 F.R.D. at 161, the Court will, in its discretion, allow Ms. Knox, the legal representative of Plaintiff's estate, to be substituted as the proper party plaintiff in this action.

For the foregoing reasons, it is hereby ORDERED that the Motion to Substitute Estate (Doc. #20) is GRANTED. The Clerk of Court is DIRECTED to amend the style and record in this matter accordingly.

It is further ORDERED that Plaintiff's Motion to Extend Deadlines (Doc. #29) is DENIED AS MOOT.

DONE this the 4th day of June, 2013.

                                          /s/ Mark E. Fuller
                                 UNITED STATES DISTRICT JUDGE